**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PEACE ALLAH CUSH-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-1164 RWS |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Peace Allah Cush-El, an inmate at the St. Louis County Justice Center, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a *certified* prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a *certified* copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts

that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the St. Louis County Justice Center (SLCJC) in Clayton, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming the State of Missouri, Governor Mike Parsons, Missouri Attorney General Eric Schmitt, former United States Attorney General William Barr, Prosecutor Wesley Bell, New York Stock Exchange (NYSE) CEO Stacy Cunningham, and UMB Bank Financial Corporation CEO John Mariner Kemper as defendants. All the defendants are sued in their individual capacities only. The complaint is hand-written on a Court-provided form. With additional sheets and exhibits, it is one-hundred-fifty (150) pages long.[1] The majority of the complaint regards plaintiff's contention that defendants – who he calls "creditors" – violated an "automatic stay" in his Chapter 7 bankruptcy proceedings by arresting him in Rowan County, North Carolina, and extraditing him to the SLCJC.

In the "Statement of Claim," section of his complaint, plaintiff asserts that he sent to defendants a "UCC Aboriginal Trust Security Agreement," four Freedom of Information Act (FOIA) requests, a "Notice of Bankruptcy," an "Administrative Default Judgment," a "Federal

---

[1]The Court notes that it has reviewed the entirety of the complaint, including all attachments, and will treat such exhibits as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

Trade Commission Affidavit," and an "Order of Discharge" from his Chapter 7 bankruptcy. He explains that the purpose of these requests was for defendants "to provide information from their General Obligation Bonds and Comprehensive Annual Financial Report via account #19SL-CR04392." The Court notes that the "account" referenced by plaintiff is a pending criminal case in which he is charged with three counts of statutory sodomy or attempted statutory sodomy, and one count of first-degree statutory rape or attempted statutory rape. *State of Missouri v. Cush-El*, No. 19SL-CR04392-01 (21st Jud. Cir., St. Louis County).[2]

According to plaintiff, he made this demand to require defendants "to provide information from their SEC files or from the files of their parent company in reference" to his Missouri state criminal case. In other words, defendants were required to show that they had a legitimate claim and security bond over plaintiff, including the National Bank Act, the Consumer Credit Protection Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Truth in Lending Act.

Plaintiff insists that defendants must provide him with an original contract – by which he means his criminal case, *State of Missouri v. Cush-El*, No. 19SL-CR04392-01 – and certify it for authenticity. He also insists that they certify that he was operating as a creditor. To support his propositions, plaintiff refers to the Uniform Commercial Code (U.C.C.). In particular, he relies on U.C.C. § 3-305, regarding defenses and claims in recoupment, which he quotes at length. Plaintiff argues that defendants are bound by the Fourteenth Amendment to respond to his information requests and have failed. Because they have failed to respond, he asserts that defendants are in

---

[2]The Court reviewed plaintiff's criminal case on Case.net, Missouri's online case management system, and takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

default and breach of contract under the U.C.C., and that defendants are required by law to administer their oaths of office. Plaintiff states that he is entitled to enter a record of default.

Plaintiff asserts that defendants failed to produce his original signature on a contact and failed to state for the record who the alleged original claimant was based on the proceeding laws. Second, plaintiff contends that defendants failed to provide an affidavit certifying that as fiduciaries for the corporation, they did not breach any federal, state, contractual commercial or official oath in carrying out the alleged contract/claim. Third, he claims that defendants failed to certify that they did not unlawfully use his signature without his consent, and that defendants have failed to substantiate that they did not use his identity in a fraudulent manner. Finally, plaintiff accuses defendants of failing to provide documents pertaining to any stock, securities, bonds, etc. associated with account #19SL-CR03492 et al. on the NYSE…or any other State Stock Exchange or County/Municipal Stock Exchange. Plaintiff last alleges that defendants have participated in fraud, along with illegal transactions with respect to their claim, have violated their oaths of office and other commercial statutes.

Plaintiff has also included as a "Cause of Action," a "Notice of Removal" of his state court criminal case, pursuant to "28 U.S.C. § 1331 and 1441(b)." Plaintiff asserts that the State of Missouri "lacks jurisdictional authority to determine issues based on federal laws" and thus his criminal action should be removed to federal court.[3]

Aside from the framing of his criminal case as a contractual violation, plaintiff also complains about the food he is receiving in the SLCJC. He states that he has asked for "healthy

---

[3]Section 1441(b) governs the removal of *civil* actions, not the removal of *criminal* actions. Although a litigant can seek to remove a criminal action to federal court under certain circumstances, plaintiff has not properly alleged the circumstances in this instance. *See* 28 U.S.C. §§ 1443 and 1445. Additionally, plaintiff has not complied with the requirements of the statute in removing his action. *Id.*

phototrophic foods," but that he has been "fed…only heterotrophic foods causing an adverse effect on [his] health."

Plaintiff states that his religion is "Peace of Mind [and] Kindness of Body," and that based on this religion, he has certain requirements that must be met. One of these requirements is the ability to eat "phototrophic" foods. According to plaintiff, phototrophic organisms "synthesize solar radiation as the most viable form of biological energy processing," stimulating and activating "all other processes of energy production, physiological processes, and construction of anatomy."

"Heterotrophic organisms," on the other hand, "are anti-solar and have their genesis in post cataclysmic earth events." These heterotrophic foods – including peanuts, soybeans, string beans, kidney beans, eggs, white rice, broccoli, cauliflower, and potatoes – "are nitrogen fixators" and are toxic. Plaintiff believes that being served heterotrophic foods are the "biological cause of disease," and that he is suffering symptoms including bloody stool, extreme fatigue, dizziness, headaches, vomiting, abdominal pains, and chest pains due to his diet.

Based on these facts, plaintiff seeks to have his criminal case dismissed. Plaintiff also requests monetary damages.

### Relevant Prior Litigation

In June of 2022, plaintiff filed a complaint in this United States District Court, seeking relief pursuant to 42 U.S.C. § 1983 against the same defendants as named in this action. *See Cush-El v. State of Missouri,* No. 4:22-CV-656 RWS (E.D. Mo. August 8, 2021) (hereafter "*Cush-El I*"). Plaintiff sought and was granted leave to proceed in forma pauperis. As in the case at bar, plaintiff's allegations against defendants concerned plaintiff's contention that the State of Missouri was a corporate entity that had violated a bankruptcy stay, the U.C.C., the National Bank Act, the Consumer Credit Protection Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting

Act, and the Truth in Lending Act when it extradited plaintiff from North Carolina and charged him in a criminal matter in *State of Missouri v. Cush-El*, No. 19SL-CR04392-01 (21st Jud. Cir., St. Louis County).

On August 17, 2022, the Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B) after determining that the complaint failed to state a claim upon which relief may be granted and was factually frivolous.[4]

Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In *Cush-El I*, plaintiff's in forma pauperis complaint asserted the same allegations against defendants as are asserted in the instant in forma pauperis complaint. The *Cush-El I* Court determined that the allegations failed to state a claim upon which relief may be granted, and dismissed them, along with the rest of the action, pursuant to 28 U.S.C. § 1915(e)(2)(B).  In *Denton v. Hernandez*, the Supreme Court held that while a dismissal under an earlier version of 28 U.S.C. § 1915(e)(2)(B) "does not prejudice the filing of a paid complaint making the same allegations,"

---

[4]This Court takes judicial notice of the foregoing prior litigation, the records of which are public records filed in this United States District Court and which relate closely to the case at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted) (district court could "take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records . . . Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").

it "could . . . have a res judicata effect on frivolousness determinations for future in forma pauperis petitions." 504 U.S. 25, 34 (1992). Subsequently, the Eighth Circuit determined that a dismissal under an earlier version of 28 U.S.C. § 1915(e)(2)(B) has res judicata effect on frivolousness determinations for future in forma pauperis complaints. *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (citing *Denton,* 504 U.S. 25).

Similarly, in *Pointer v. Parents for Fair Share*, the Eighth Circuit affirmed the dismissal of an in forma pauperis complaint under § 1915(e)(2)(B) based on res judicata where an earlier, similar complaint was dismissed as frivolous under the statute. 87 F. App'x. 12 (8th Cir. 2004). Based upon this precedent, the Court concludes that the dismissal of *Cush-El I* has res judicata effect upon the determination that the instant complaint fails to state a claim upon which relief may be granted against defendants.

Even if plaintiff had not brought these same claims against defendants in *Cush-El I,* this action would be dismissed for failure to state a claim. In this case, plaintiff's claims against the State of Missouri are barred by sovereign immunity. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). This immunity

8

bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

Additionally, plaintiff's claims against Governor Parsons, Attorney General Schmitt, and Attorney General Barr in their individual capacities are subject to dismissal for failure to state a claim and because his claims against them are frivolous. Plaintiff has not established that defendants Parson, Schmitt, and Barr were personally responsible for violating his constitutional rights. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)).

Moreover, plaintiff's arguments appear to be factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Plaintiff appears to attack his state court criminal proceeding by reframing it as a commercial transaction governed by the U.C.C. Plaintiff purportedly filed a Chapter 7 bankruptcy action in the Middle District of North Carolina, for which an order of discharge was granted. He asserts that defendants "violated" [his] bankruptcy [Chapter 7] automatic stay" by arresting him, and because he believes his criminal case is actually an "account" governed by the U.C.C., he insists that defendants are required to respond to his demands, including requests for an affidavit asserting "they did not breach any federal, state, contractual commercial or official oath in carrying out the alleged contract/claim." Defendants' failure to comply purportedly puts them into default and demonstrates that they have committed fraud.

His assertions are like those made by "sovereign citizens," who generally contend that the United States "is made up of two types of people: those who are sovereign citizens by virtue of Article IV of the Constitution, and those who are corporate or Fourteenth Amendment citizens by

virtue of the ratification of the Fourteenth Amendment." *See United States v. Hobbs*, 2012 WL 2458425, at *11 (E.D. Mo. 2012). Such jurisdictional arguments have been deemed frivolous. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (stating that appellant's assertion that federal courts "have no civil jurisdiction over a sovereign citizen" was frivolous); *United States v. Simonson*, 563 Fed. Appx. 514 (8th Cir. 2014) (stating that appellants' argument "that they are special, sovereign citizens" was frivolous); and *United States v. Hardin*, 489 Fed. Appx. 984, 985 (8th Cir. 2012) (rejecting as meritless appellant's challenges to the district court's jurisdiction based on his status as a sovereign citizen). In short, the arguments of sovereign citizens "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussions." *See United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992). To put it in other words: the U.C.C. "has no bearing on criminal subject matter jurisdiction." *Flanagan v. United States*, 2014 WL 1315230, at *6 (E.D. Mo. 2014), quoting *United States v. Mitchell*, 405 F.Supp.2d 602, 604 (D. Md. 2005).

For all of the foregoing reasons, the Court concludes that the complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that plaintiff's pending motions for discovery, jury trial and to produce documents, filed as attachments to his complaint [ECF No. 1] are **DENIED as moot.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of November, 2022.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

11